[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPLICATION TO VACATE ARBITRATION AWARDDATED MARCH 20, 1996
Plaintiff's Application to Vacate Arbitration Award dated March 20, 1996 is denied. The undersigned judge does not conclude that the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter was not made. Conn. Gen. Stat. § 52-418. Defendant's Application for Order Confirming Arbitration Award dated April 1, 1996, is granted. The requirement contained in Gen. Stat. § CT Page 4255-AAA7-473c(d) that "Not less than two days prior to the commencement of the hearing, each party shall file with the chairman of the panel, and deliver to the other party, a proposed collective bargaining agreement, in numbered paragraphs, which such party is willing to execute and cost data for all provisions of such proposed agreement" is more characteristic of directory language than mandatory language. Angelsea Productions, Inc. v. Commission onHuman Rights and Opportunities, 236 Conn. 681 (1996); Jonesv. Mansfield Training School, 220 Conn. 721, 727 (1992). The two-day requirement is stated in affirmative terms and is unaccompanied by negative words or language setting out a sanction, penalty, or consequence for noncompliance.Katz v. Commissioner of Revenue Services, 234 Conn. 614,617 (1995). Without minimizing its significance, the provision at issue here relates more to a matter of convenience than substance. Tramontano v. Dilieto,192 Conn. 426, 433-34 (1984). Reading the statute in its entirety, it does not appear that the legislature intended that failure to comply with the two-day provision at issue here should nullify subsequent action taken.
Moreover, the record indicates that defendant made good faith efforts to comply and that the failure to comply was inadvertent; that the failure to comply was quickly remedied; and that the remedy sought by plaintiff is wholly disproportionate to the harm claimed. In short, the prejudice, if any, was not substantial. MetropolitanDistrict Commission v. AFSCME, 237 Conn. 114 (1996).
Douglas S. Lavine Judge, Superior Court