## HARRY HYATT *v.* CITY OF MILFORD ET AL.
## (AC 18835)

Foti, Mihalakos and Healey, Js.

Argued March 2—officially released April 25, 2000

*Albert E. Desrosiers*, with whom, on the brief, was *Donna Cousins Palmer*, for the appellant (plaintiff).

*Jason M. Dodge*, with whom, on the brief, was *Margaret E. McGrail*, for the appellees (defendants).

*Opinion*

FOTI, J. The plaintiff, Harry Hyatt, appeals from the decision of the workers' compensation review board (board) affirming the commissioner's denial of the plaintiff's request for a formal hearing on the merits of a claim for benefits under chapter 568, the Workers' Compensation Act.[1] On appeal, the plaintiff contends that the commissioner improperly concluded that he was barred from pursuing a chapter 568 claim because he had made an election of remedies, even though he had filed a timely form 30C. We affirm the decision of the board.

The following facts and procedural history are relevant to our disposition of the appeal. The plaintiff had been employed as a firefighter by the city of Milford on the evening of January 2, 1983, when two house fires broke out. He spent the rest of the evening and the next morning fighting the fires, which involved heavy physical exertion. He collapsed in the street that morning and was transported to a hospital, where it was discovered that he had suffered a myocardial infarction. He has not since worked as a firefighter.

---

[1] The board also affirmed the commissioner's denial of the plaintiff's motion to open the finding and award as to General Statutes § 7-433c; at oral argument, the plaintiff agreed that that portion of the ruling cannot now be addressed, as no appeal was taken from that decision.

A form 30C dated September 9, 1983, was timely filed by the plaintiff pursuant to General Statutes § 31-294, stating that he had suffered a heart attack arising out of and in the course of his employment on January 2, 1983. The plaintiff, who was not represented by counsel, entered into a signed agreement with counsel for the city of Milford, on October 19, 1983, which stated that the plaintiff was entitled to receive benefits under General Statutes § 7-433c.[2] No mention of any other benefits was made. On March 25, 1985, the commissioner issued a finding and award that found the plaintiff to be entitled

[2] General Statutes § 7-433c (a) provides: "Notwithstanding any provision of chapter 568 or any other general statute, charter, special act or ordinance to the contrary, in the event a uniformed member of a paid municipal fire department or a regular member of a paid municipal police department who successfully passed a physical examination on entry into such service, which examination failed to reveal any evidence of hypertension or heart disease, suffers either off duty or on duty any condition or impairment of health caused by hypertension or heart disease resulting in his death or his temporary or permanent, total or partial disability, he or his dependents, as the case may be, shall receive from his municipal employer compensation and medical care in the same amount and the same manner as that provided under chapter 568 if such death or disability was caused by a personal injury which arose out of and in the course of his employment and was suffered in the line of duty and within the scope of his employment, and from the municipal or state retirement system under which he is covered, he or his dependents, as the case may be, shall receive the same retirement or survivor benefits which would be paid under said system if such death or disability was caused by a personal injury which arose out of and in the course of his employment, and was suffered in the line of duty and within the scope of his employment. If successful passage of such a physical examination was, at the time of his employment, required as a condition for such employment, no proof or record of such examination shall be required as evidence in the maintenance of a claim under this section or under such municipal or state retirement systems. The benefits provided by this section shall be in lieu of any other benefits which such policeman or fireman or his dependents may be entitled to receive from his municipal employer under the provisions of chapter 568 or the municipal or state retirement system under which he is covered, except as provided by this section, as a result of any condition or impairment of health caused by hypertension or heart disease resulting in his death or his temporary or permanent, total or partial disability. As used in this section, the term 'municipal employer' shall have the same meaning and shall be defined as said term is defined in section 7-467."

to benefits pursuant to § 7-433c, including 195 weeks of compensation for a 25 percent permanent partial impairment of the whole person, subject to the limitations of General Statutes § 7-433b.[3] Both parties signed the finding and award, agreeing that it should be entered.

For 195 weeks, the plaintiff was paid the difference between his pension amount and an amount equal to 100 percent of the weekly compensation paid to members of

[3] General Statutes § 7-433b provides: "(a) Notwithstanding the provisions of any general statute, charter or special act to the contrary affecting the noncontributory or contributory retirement systems of any municipality of the state, or any special act providing for a police benefit fund or other retirement system, the survivors of any uniformed or regular member of a paid fire department or any regular member of a paid police department whose death has been suffered in the line of duty shall be eligible to receive such survivor benefits as are provided for in the Workers' Compensation Act, and, in addition, they shall receive such survivor benefits as may be provided for in the retirement system in which such department member was a participant at the time of his death; provided such pension benefits shall be adjusted so that the total weekly benefits received by such survivors shall not exceed one hundred per cent of the weekly compensation being paid, during their compensable period, to members of such department in the same position which was held by such deceased at the time of his death. Nothing contained herein shall prevent any town, city or borough from paying money from its general fund to any such survivors, provided total weekly benefits paid shall not exceed said one hundred per cent of the weekly compensation.

"(b) Notwithstanding the provisions of any general statute, charter or special act to the contrary affecting the noncontributory or contributory retirement systems of any municipality of the state, or any special act providing for a police or firemen benefit fund or other retirement system, the cumulative payments, not including payments for medical care, for compensation and retirement or survivors benefits under section 7-433c shall be adjusted so that the total of such cumulative payments received by such member or his dependents or survivors shall not exceed one hundred per cent of the weekly compensation being paid, during their compensable period, to members of such department in the same position which was held by such member at the time of his death or retirement. Nothing contained herein shall prevent any town, city or borough from paying money from its general fund to any such member or his dependents or survivors, provided the total of such cumulative payments shall not exceed said one hundred per cent of the weekly compensation."

the fire department in the same position that the plaintiff had at the time of his retirement in January, 1984. The difference came to $24.88 per week, or a total of $4851.60 for the 195 week period, which ended on October 21, 1987.

On March 6, 1995, the plaintiff filed a motion to open the finding and award of March 25, 1985. Additionally, or as an alternative, he requested a formal hearing to determine whether he was entitled to benefits under chapter 568 for his work-related heart attack. The commissioner denied the motion to open,[4] concluding that the plaintiff had "made a choice of remedy for benefits under General Statutes § 7-433c and there was no mutual mistake or basis for reopening the finding and award under General Statutes § 31-315." The plaintiff thereafter filed a motion to correct regarding entitlement to a formal hearing on his chapter 568 claim. The motion was denied, and the board affirmed the commissioner's decision not to allow a chapter 568 proceeding.

The filing of a form 30C notice of claim serves to state a claim either under chapter 568 or § 7-433c. The Workers' Compensation Act; General Statutes, tit. 31, c. 568; "was enacted to provide compensation for any injury arising out of and in the course of employment, without regard to fault, by imposing a form of strict liability on the employer." (Internal quotation marks omitted.) *Collins* v. *West Haven*, 210 Conn. 423, 425, 555 A.2d 981 (1989). "Heart disease and hypertension are just some of the many ailments compensable under the act. . . . In order to recover under chapter 568 . . . [t]he employee [must prove] that the injury claimed arose out of the employment and occurred in the course of the employment. . . . Section 7-433c, on the other hand, was enacted to provide special compen-

---

[4] See footnote 1.

sation to qualifying policemen and firemen who die or become disabled as a result of hypertension or heart disease . . . [and] requires the employer to pay compensation to those officers who have successfully passed a physical examination which failed to reveal any evidence of hypertension or heart disease [at the time of entering employment] and who subsequently die or are disabled as a result of such conditions whether or not the [condition] occurred in the line and scope of his employment. . . . An employee may . . . elect to proceed under either chapter 568 or § 7-433c." (Citations omitted; internal quotation marks omitted.) Id., 426–27.

The wording of § 7-433c (a), as relevant, is clear and unambiguous: "The benefits provided by this section shall be in lieu of any other benefits which such policeman or fireman or his dependents may be entitled to receive from his municipal employer under the provisions of chapter 568 or the municipal or state retirement system under which he is covered . . . ." The language is clear that the benefits may not be awarded concurrently.

The plaintiff argues, however, that the doctrine of election is nowhere to be found in the Workers' Compensation Act, and should not be applied to this case at all. He claims that his chapter 568 claim is not dependent on the opening and setting aside of the finding and award under § 7-433c.

"In *Bakelaar* v. *West Haven*, 193 Conn. 59, 66–69, 475 A.2d 283 (1984), [our Supreme Court] concluded that a municipal firefighter or police officer suffering from hypertension or heart disease could elect whether to proceed under General Statutes § 7-433c, which specifically addresses such a claim for benefits, or under chapter 568, the traditional workers' compensation law." *Jones* v. *Mansfield Training School*, 220 Conn. 721,

730, 601 A.2d 507 (1992). In this case, the plaintiff exercised his right and elected § 7-433c benefits; he requested the award, signed the finding and award and accepted the benefits. The record is devoid of any indication that the plaintiff made this election involuntarily or without full knowledge of the consequences. The commissioner specifically found, in denying the plaintiff's motion to open, that "[t]he [plaintiff] elected to receive benefits under [General Statutes] § 7-433c."

Further, the plaintiff argues that he was not afforded due process in being refused a formal hearing on his chapter 568 claim. We do not agree. The plaintiff was not entitled to concurrent benefits, as discussed previously. Once the plaintiff's motion to open was denied, the commissioner was without jurisdiction to conduct a formal hearing for a claim under chapter 568, as no award could follow; the award under § 7-433c being upheld, the plaintiff could not receive benefits under chapter 568.

The decision of the workers' compensation review board is affirmed.

In this opinion the other judges concurred.