[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff appeals from a suspension of his motor vehicle operator's license by the defendant Commissioner of Motor Vehicles for refusing to submit to a chemical test of the blood alcohol content of his blood pursuant to C.G.S. § 14-227b. The plaintiff argues: (1) the record does not support a finding of his refusal to take the chemical analysis test; arid (2) the plaintiff, after providing insufficient breath to register a finding on the intoxilzyer, was not required to submit to a urine test.
The facts are as follows: Officer Burris of the New Britain Police Department observed the plaintiff make an improper turn on Columbus Boulevard in New Britain. When the officer stopped him, the plaintiff admitted he didn't have a license because it had been suspended for a previous DUI conviction. He asked the plaintiff if he would give him a break. The officer observed the plaintiffs eyes were bloodshot and red, and submitted him to the four field sobriety tests, all of which the plaintiff failed. The officer took the plaintiff into custody and escorted him to headquarters where he read him his Miranda rights and the implied consent advisory. The plaintiff indicated he was willing to submit to the breath test. On the first test the officer observed that the plaintiff did not blow into the tube. The plaintiff said that he did not have enough air due to his asthma. The result was an insufficient sample. The officer then advised the plaintiff that he was not blowing into the tube and he would have to take the plaintiffs non-blowing as a refusal by conduct to take the test. The plaintiff asked if he could do it again and stated he would blow "this time". The test was conducted and the same CT Page 13280 thing occurred, namely an insufficient sample obtained. The officer believed that the plaintiff was not blowing on purpose, but because he could not determine that for certain, requested that the plaintiff take a urine test. The plaintiff refused. He was arrested for driving while under the influence of alcohol pursuant to § 14-227a.
A hearing was held before a hearing officer of the Department of Motor Vehicles in which the officer make the requisite findings of fact and conclusions of law that: (1) the police officer had probable cause to arrest the plaintiff, (2) the plaintiff was placed under arrest, (3) the plaintiff refused to submit to a chemical analysis test of his blood alcohol content and (4) that the plaintiff was operating the motor vehicle. The hearing officer also found "There is sufficient evidence to support lack of cooperation with blood testing but refusal of the urine test is clear." As a consequence the Department suspended plaintiffs license for one year.
 I.
Plaintiffs first contention is that there is insufficient evidence in the record to support the hearing officer's determination that the plaintiff refused to submit to a chemical test of the alcohol content of his blood as required by § 14-227b. In this regard the plaintiff relies upon Bialowas v. Commissioner of Motor Vehicles, 44 Conn. App. 702
(1997) which holds that the fact that a motorist may have failed to provide an adequate breath sample does not "automatically constitute a refusal within the meaning of § 14-227b . . . A conclusory statement by the arresting officer that the driver has failed to provide an adequate breath sample and has, therefore, refused, does not constitute such evidence." Id. 714-715.
However, in State v. Corbeil, 41 Conn. App. 7, 19 (1996) the court noted that "`refusing' [within the meaning of § 14-227a] to take a breath test may be accomplished by failure to. cooperate as well as by an expressed refusal."
Here, there was more than the conclusory statement of the arresting officer that the plaintiff failed to provide an adequate breath sample. The officer observed that the plaintiff did not blow into the tube. Plaintiff conceded this by saying that it was due to his asthma. When threatened that his actions would constitute refusal by conduct, the plaintiff then stated that for the second test he would blow "this time." On the second test the officer observed the plaintiff did the same thing again and the test result was insufficient sample. On these observations the officer stated he "believed that he [plaintiff] was not blowing on purpose." Thus, here there was specific actions by the plaintiff, observed CT Page 13281 by the officer, that could be properly interpreted as a refusal to cooperate in performing the test. The hearing officer had the right to weigh this evidence in making his finding of non cooperation.
The law is clear that this court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. Section 4-183 (j). If the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his findings, a decision must be upheld. Connecticut BuildingWrecking Co. v. Carrothers, 218 Conn. 580, 593 (1991).
The facts in Bombaci v. Commissioner of Motor Vehicles, No. CV 970567047, Superior Court, judicial district of Hartford/New Britain at Hartford, (April 30, 1997, Maloney, J.), aff'd 48 Conn. App. 910 (1998) were almost identical with this case. In that case the court found noncooperation, based upon specific acts of the plaintiff not performing the test, constituted refusal and the decision was affirmed by the Appellate Court.
This court reaches the same conclusion and finds that there was substantial evidence to support the conclusion of the hearing officer that the plaintiff refused to cooperate in the performance of the test.
 II.
As the second ground of this appeal, plaintiff argues that he should not have been required to take the urine test so his refusal should not be considered a violation of § 14-227b. He asserts that §14-227a(5) allows an officer for reasonable cause to perform "an additional chemical test of a different type . . . to detect the presence of a drug or drugs other than or in addition to alcohol." Here, the urine test was to detect alcohol and thus, plaintiff contends, should not have been required of him.
The court notes that § 14-227a(5) deals with the admissibility into evidence of chemical test results. In permitting the admissibility of additional different tests for a different drug, it does not provide that it is the only basis for a second drug test.
Section 14-227b(b) provides that the officer has the option to select the blood, breath or urine test to be performed upon a motorist, provided if the person refuses or is unable to submit to a blood test, the officer shall designate a breath or urine test to be taken.
In Walling v. State Department of Motor Vehicles,11 Conn.L.Rptr. 17, 529 (July 4, 1994); the operator had agreed to take a breath test. CT Page 13282 When the police officer found the breathalyzer equipment was not operating, he required the operator to take a urine test which he refused. In finding the operator's refusal constituted a violation of § 14-227b and in upholding the motor vehicle department's suspension of his license, the court said, "A reading of the statute that bars a police officer from administering a urine test after finding out that the breathalyzer machine is broken contravenes the purpose of the implied consent laws. Furthermore, allowing the plaintiff to refuse the urine test in this situation creates a loophole in the law that contravenes the legislative intention to tighten loopholes with the 1983 amendments, which specifically changed the law in order to allow the police to choose the test to be administered." Id. p. 530.
Here, the plaintiff claims he could not exhale enough breath to register alcohol content of his blood into the machine because of his asthma. The officer and the hearing officer did not believe plaintiffs claim and found that plaintiffs failure was due to noncooperation. This court, in part I of this opinion, affirms that determination by the hearing officer. However, assuming that the plaintiff was telling the truth about his asthma, to construe the statute under such circumstances as not permitting the police officer to require the motorist take a urine test would render the statute meaningless. A motorist with asthma or any other breath malady that he did not disclose to the officer could fail to provide enough breath to register the blood alcohol content of his blood on the breathalyzer and then get off scot free. And if he took the test, failed to provide sufficient breath, and then disclosed his condition to the officer as an excuse, he would also go scot free. That interpretation would make a mockery of the law.
Rather, this court must "construe a statute in a manner that will not thwart its intended purpose or lead to absurd results." Turner v.Turner, 219 Conn. 703, 712 (1991). Also it must "adopt a more reasonable construction over one that is unreasonable." Jones. v. Mansfield TrainingSchool, 220 Conn. 721, 726 (1992).
This interpretation of § 14-227b is reflected in the recent case ofMosher v. Kozlowski, 60 Conn. App. 455 (2000). There a motorist was given the breath test at one police headquarters at which the intoxilyzer did not work, refused to take the test at another headquarters, and his refusal was found to violate § 14-227. The court noted that "a result is a necessary part of a test." (p. 462). Just as a malfunctioning intoxilyzer can require that a motorist take a second test on a functioning machine, so, here, where the plaintiff, if he is to be believed, could not blow hard enough into the breath machine to provide an adequate sample because of his asthma, can be required to take a urine test. CT Page 13283
Thus, this court holds that when a motorist cannot, for reasons of health, provide enough breath to register his blood alcohol content in a breathalyzer, the police officer can require that he take a urine test, and the motorist's refusal constitutes a violation of § 14-227b.
The court, concluding the plaintiffs two grounds of appeal to be without merit, dismisses this appeal.
Robert Satter Judge Trial Referee