GEORGE D. HUBBARD ET AL. *v.* PLANNING COMMISSION
OF THE TOWN OF RIDGEFIELD

KING, C. J., MURPHY, SHEA, ALCORN and COMLEY, Js.

Argued November 6—decided December 23, 1963

*Warren W. Eginton,* with whom, on the brief,
were *George F. Lowman* and *John F. Spindler,* for
the appellants (plaintiffs).

*J. Harold Merrick,* for the appellee (defendant).

ALCORN, J. The issue before us is the timeliness
of an appeal under § 8-28 of the General Statutes.
That statute provided that "any person aggrieved

by an official action of a planning commission may appeal therefrom within fifteen days of such official action." The decision appealed from was the defendant's denial of the plaintiffs' application for approval of a final plan for a subdivision under General Statutes § 8-26.[1] It is unlikely that the question here presented will arise again. The 1963 General Assembly amended §§ 8-26 and 8-28 of the General Statutes to require a planning commission to publish, in a newspaper of general circulation in the municipality, notice of its final action on a subdivision application and to send a copy thereof by registered or certified mail to the applicant on or before the date of publication. The amendment goes on to provide that any person aggrieved by the "official action" of the commission "may appeal therefrom within fifteen days of publication of notice of such official action." Public Acts 1963, No. 273.[2] The General Assembly has thus made

---

[1] "Sec. 8-26. APPROVAL OF SUBDIVISION PLANS. All plans for subdivisions shall be submitted to the commission with an application in a form to be prescribed by it. . . . The commission may hold a public hearing regarding any subdivision proposal if, in its judgment, the specific circumstances require such action. . . . The commission shall approve, modify and approve, or disapprove any subdivision application or maps and plans submitted therewith within sixty days after the submission thereof. The failure of the commission to act thereon shall be considered as an approval, and a certificate to that effect shall be issued by the commission on demand, provided an extension of this period may be had with the consent of the applicant. The grounds for disapproval shall be stated in the records of the commission."

[2] There were two other changes made by the 1963 General Assembly. Section 2 of Public Act No. 55 substituted the words "its action" for the word "disapproval" in the last sentence of § 8-26. Public Act No. 169 added to § 8-28 a provision requiring the planning commission to return into court the papers constituting the commission's record whenever an appeal is taken by an aggrieved person. Public Act No. 273 retained the changes made by Nos. 55 and 169 of the Public Acts and added the notice provisions.

clear that, henceforth, the appeal period begins to run from the date of the prescribed publication of notice of the commission's official action. The question presented to us by this appeal is: What is the beginning date of the appeal period under General Statutes § 8-28 prior to the 1963 amendment?

The plaintiffs own land in Ridgefield. They had applied for approval of, and the defendant had approved, a preliminary plan for a subdivision of the land, valid until May 18, 1962. On May 16 and 17, 1962, the plaintiffs filed a final subdivision plan for approval. Section 8-26 of the General Statutes does not require the defendant to hold a public hearing on such a plan, and the record does not indicate that any hearing was held in this case. On June 23, 1962, the plaintiffs received a letter, dated June 22, 1962, wherein the defendant's secretary stated that, for reasons set forth, the defendant had, "[a]t its meeting of June 20, 1962," disapproved the plaintiffs' application. The plaintiffs caused an appeal to be served on the defendant on July 7, 1962. The defendant pleaded in abatement that the appeal was not timely in that it was not taken within fifteen days of the defendant's official action. The trial court sustained the plea in abatement on the ground that the "official action" of the commission, within the meaning of § 8-28, was the disapproval of the plaintiffs' application on June 20, 1962, and the appeal was not taken within fifteen days of that date.

It is the obvious purpose of § 8-28 to afford a right of appeal to a party aggrieved by the action of a planning commission. The right of appeal, if it is to have any value, must necessarily contemplate that the person who is to exercise the right be given the opportunity of knowing that there is a decision

to appeal from and of forming an opinion as to whether that decision presents an appealable issue. Until the prospective appellant has either actual or constructive notice that a decision has been reached, the right of appeal is meaningless. If the words "official action," as used in § 8-28, are to be interpreted as describing a decision reached in private and without disclosure, then the power is placed in the hands of the commission to nullify the appeal provision of the statute by the simple expedient of postponing the disclosure of its decision for fifteen days. It is wholly unreasonable to assume that the General Assembly had any such intent. See *Murphy* v. *Elms Hotel,* 104 Conn. 351, 352, 133 A. 106. The judgment of a court is not rendered when the judge arrives at his decision in the privacy of his chambers but only when he officially announces his decision in open court, or, out of court, signifies orally or in writing to the clerk in his official capacity the decision pronounced by him. *Brown* v. *New Haven Taxicab Co.,* 93 Conn. 251, 258, 105 A. 706.

On the other hand, a statute such as § 8-28 fixing a rather brief time within which an appeal may be taken to the courts is designed not only to afford protection to an aggrieved person but also to secure, in the public interest, a speedy determination of the issues involved. *Daley* v. *Board of Police Commissioners,* 133 Conn. 716, 719, 54 A.2d 501; *Carbone* v. *Zoning Board of Appeals,* 126 Conn. 602, 607, 13 A.2d 462. It would therefore be unreasonable to give to § 8-28 a meaning which would open the appeal process to delays flowing from any of the many factors which could cause a notice, seasonably given, to be long delayed in reaching the prospective appellant. Beyond that, we do not ignore the clear purpose of the 1963 amendment to § 8-28 already

referred to. The legislative intent, in future cases, is that the appeal period shall commence to run from the publication of notice of the commission's decision rather than from the receipt of that notice.

It is our conclusion that the words "official action" as used in § 8-28 embrace not only the formulation of the defendant's decision but also the announcement thereof to the interested parties, in this case the plaintiffs. The official action occurred, under the facts of this case, on June 22, 1962, when the defendant's secretary, by letter, sent the plaintiffs notice of the decision. The prompt receipt of the letter on June 23 fully supports an inference that the date of the letter is the date on which it was sent. The fifteen days within which the plaintiffs were required to appeal are to be counted from June 22, and the beginning date is to be excluded from the computation of the fifteen-day period. *Lamberti* v. *Stamford*, 131 Conn. 396, 397, 40 A.2d 190. The plaintiffs' appeal, having been served on July 7, was served on the fifteenth day and was therefore taken within the time prescribed by the statute. *Seaboard Burner Corporation* v. *DeLong*, 145 Conn. 300, 303, 141 A.2d 642; *Tuohey* v. *Martinjak*, 119 Conn. 500, 501, 177 A. 721. The plea in abatement should have been overruled.

There is error, the judgment is set aside and the case is remanded with direction to overrule the plea in abatement.

In this opinion the other judges concurred.