## KATHRYN TRINKLEY *v.* ELLA GRASSO REGIONAL CENTER ET AL.
### (14303)

PETERS, C. J., SHEA, CALLAHAN, COVELLO and BERDON, Js.

Argued November 6, 1991—decision released January 7, 1992

*Edward T. Dodd, Jr.,* for the appellant (plaintiff).

*Michael J. Belzer,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* attorney general, and *Charles A. Overend* and *Robert W.*

*Murphy,* assistant attorneys general, for the appellee (defendant Second Injury and Compensation Assurance Fund).

PETERS, C. J. The dispositive issue in this administrative appeal is whether an injured state employee, entitled to benefits under General Statutes § 5-142 (a), may also collect "concurrent employment" benefits under General Statutes § 31-310.[1] A workers' compensation commissioner determined that the plaintiff, Kathryn Trinkley (claimant), had suffered a compens-

---

[1] General Statutes (Rev. to 1991) § 5-142 provides in relevant part: "DISABILITY COMPENSATION. (a) If any member of . . . any institution for the care and treatment of persons afflicted with any mental defect . . . sustains any injury while . . . attending or restraining an inmate of any such institution or as a result of being assaulted in the performance of his duty, the state shall pay all necessary medical and hospital expenses resulting from such injury. If total incapacity results from such injury, such person shall be removed from the active payroll the first day of incapacity, exclusive of the day of injury, and placed on an inactive payroll. He shall continue to receive the full salary which he was receiving at the time of injury subject to all salary benefits of active employees, including annual increments, and all salary adjustments, including salary deductions, required in the case of active employees, for a period of two hundred sixty weeks from the date of the beginning of such incapacity. Thereafter, such person shall be removed from the payroll and shall receive compensation at the rate of fifty per cent of the salary which he was receiving at the expiration of said two hundred sixty weeks so long as he remains so disabled . . . . All other provisions of the workers' compensation law not inconsistent herewith, including the specific indemnities and provisions for hearing and appeal, shall be available to any such state employee or the dependents of such a deceased employee. All payments of compensation made to a state employee under this subsection shall be charged to the appropriation provided for compensation awards to state employees . . . ." This statute was amended by Public Acts 1991, No. 91-339, §§ 40, 55, effective October 1, 1991.

General Statutes (Rev. to 1991) § 31-310 provides in relevant part: "DETERMINATION OF AVERAGE WEEKLY WAGE OF INJURED WORKER. CONCURRENT EMPLOYMENT. PAYMENTS FROM SECOND INJURY FUND. . . . Where the injured employee has worked for more than one employer at the time of injury and the average weekly wage received from the employer in whose employ he was injured, as determined under the provisions of this section, are insufficient for him to obtain the maximum weekly compensa-

able work related injury in her primary employment with the named defendant, the Ella Grasso Regional Center (state),[2] and was therefore entitled to receive her full salary pursuant to § 5-142 (a). Because the claimant had been concurrently employed by the city of Waterbury, the commissioner held that she was also entitled to receive two thirds of concurrent employment benefits pursuant to § 31-310. On appeal by the state, the compensation review division concluded that the remedy provided by § 5-142 (a) was exclusive and precluded any additional remedy pursuant to § 31-310. The claimant appealed to the Appellate Court, and we transferred the appeal to this court in accordance with Practice Book § 4023. We reverse.

tion rate from such employer under section 31-309 prevailing at the time of his injury, his average weekly wages shall be calculated upon the basis of wages earned from all such employers in the period of such concurrent employment not in excess of twenty-six weeks prior to the date of the injury, but the employer in whose employ the injury occurred shall be liable for all medical and hospital costs, a pro rata portion of the compensation rate based upon the ratio of the amount of wages paid by him to the total wages paid the employee in such average week but not less than an amount equal to the minimum compensation rate prevailing at the time of injury and, if he is totally incapacitated, the applicable dependency allowance, if any, due under section 31-308b. The remaining portion of the applicable compensation rate shall be paid from the second injury and assurance fund. In cases which involve concurrent employment and in which there is a claim against a third party, the injured employee or the employer in whose employ the injury was sustained or the employer's insurer shall advise the custodian of the second injury fund if there is a third party claim, and such employee, employer or employer's insurer shall pursue its subrogation rights as provided for in section 31-293 and shall include in its claim all benefits paid by the second injury fund and shall reimburse the second injury fund for all payments made for compensation in the event of a recovery against the third party." This statute was amended, effective July 1, 1991, by Public Acts 1991, No. 91-32, §§ 28, 41, and No. 91-339, §§ 30, 55.

[2] The Second Injury and Compensation Assurance Fund is a codefendant with the Ella Grasso Regional Center. The interest of the Second Injury Fund arises out of its responsibility for concurrent employment benefits pursuant to General Statutes § 31-310. With respect to the issues before us, the defendants filed a joint brief raising a single set of claims. We will therefore refer to them jointly as the state.

The briefs and the record reveal the following facts. The claimant, a mental retardation aide, was totally disabled as the result of an attack by a client at the Ella Grasso Regional Center. In addition to her primary employment at the state regional home, she had also been working part-time for the city of Waterbury. At the time of her injury, her weekly salary from the state was $257 and her average weekly wage from the city was $161. She had three dependent minor children.

The claimant appeals from the determination of the compensation review division that the legislature, in enacting § 5-142 (a) to provide the payment of their full salary to injured state employees, precluded the payment of concurrent employment benefits under § 31-310. She raises two issues: (1) did the compensation review division have jurisdiction to entertain the state's appeal when the state did not comply with the requirements of § 31-301 (a); and (2) can a state employee recover concurrent employment benefits in addition to the special benefits provided in § 5-142 (a)?[3] We are persuaded that the claimant has not established her jurisdictional claim, but we conclude that her benefits under § 5-142 (a) do not deprive her of the right to receive concurrent benefits under § 31-310.

I

In her jurisdictional argument, the claimant maintains that the compensation review division had no authority to entertain the state's appeal because its

---

[3] The state's brief, in its counterstatement of facts, complains about a lack of adequate administrative notice to the Second Injury and Compensation Assurance Fund. The compensation commissioner rejected this claim. Although the Second Injury Fund renewed this claim in its appeal to the compensation review division, the division's opinion did not address its merits. In this court, the Second Injury Fund has not raised the issue either by filing a cross appeal or an appropriate statement under Practice Book § 4013. Indeed, the body of the state's brief discusses only the issues raised by the claimant. On this record, we decline to address the merits of the notice claim raised by the Second Injury Fund.

appeal petition was not filed within the ten day period specified by General Statutes § 31-301 (a). To support this argument, the claimant relies on the fact that the workers' compensation commissioner issued his finding and order on October 2, 1989, and on her contention that the state's filing of two copies of its petition for review on October 12, 1989, by facsimile machine did not meet the statutory mandate. The state filed the original petition for review, with the five copies specified by the statute, on October 16, 1989.

Although the statute specifies that an appeal should be taken "within ten days after entry" of a commissioner's award, we have interpreted this statutory requirement to include a requirement of notice to the party who might wish to appeal. *Murphy* v. *Elms Hotel,* 104 Conn. 351, 352, 133 A. 106 (1926). Fundamental rights to procedural due process mandate such a construction. See *Kron* v. *Thelen,* 178 Conn. 189, 193–97, 423 A.2d 857 (1979).

To establish that the state's appeal was untimely, therefore, the claimant cannot rely on the date when the workers' compensation commissioner made his award. The record contains no finding about when notice of this award was given to the state.

In the absence of such a finding, we decline to hold that the compensation review division lacked jurisdiction to hear the state's appeal. "The party challenging an administrative decision always bears the burden of demonstrating that the decision was erroneous or improperly made." *Blaker* v. *Planning & Zoning Commission,* 219 Conn. 139, 149, 592 A.2d 155 (1991). "There is a strong presumption of regularity in the proceedings of a public body such as a municipal planning and zoning commission. *Foran* v. *Zoning Board of Appeals,* 158 Conn. 331, 336, 260 A.2d 609 (1969); *Scovil* v. *Planning & Zoning Commission,* 155 Conn.

12, 19, 230 A.2d 31 (1967); 82 Am. Jur. 2d, Zoning and Planning § 354 (1976); see also *Brecciaroli* v. *Commissioner of Environmental Protection,* 168 Conn. 349, 356, 362 A.2d 948 (1975); 8A McQuillin, The Law of Municipal Corporations (3d Ed. Rev.) § 25.327." *Murach* v. *Planning & Zoning Commission,* 196 Conn. 192, 205, 491 A.2d 1058 (1985); *Caserta* v. *Zoning Board of Appeals,* 219 Conn. 352, 362, 593 A.2d 118 (1991); see also *Cyr* v. *Coventry,* 216 Conn. 436, 442–43, 582 A.2d 452 (1990) (presumption of regularity of special benefit assessments). A presumption of regularity similarly attaches to the timeliness of a workers' compensation appeal to the compensation review division.

We recognize that "certain jurisdictional facts are essential to establish the statutory jurisdiction of tribunals of limited authority." *Stern* v. *Medical Examining Board,* 208 Conn. 492, 502, 545 A.2d 1080 (1988). With respect to such facts, the jurisdiction of an administrative body "is not to be presumed and must be established affirmatively"; id., 501; because these facts are "fundamental to the power to entertain and adjudicate a proceeding on the merits. In short, such facts condition the power to act." *Castro* v. *Viera,* 207 Conn. 420, 434, 541 A.2d 1216 (1988). For example, "the existence of an employee-employer relationship is a jurisdictional fact that must be shown in order to proceed with a claim for workers' compensation benefits. *Castro* v. *Viera,* supra, 427–35." *Stern* v. *Medical Examining Board,* supra, 501–502.

In our view, an unresolved factual lacuna about the timeliness of an appeal does not implicate the jurisdiction of the administrative tribunal to act. The claimant suggests that *Zoning Board of Appeals* v. *Freedom of Information Commission,* 198 Conn. 498, 503 A.2d 1161 (1986), requires a contrary conclusion. We decided there that an agency's conceded failure to comply with

its own specific statutory requirements for the timely processing of appeals nullified its belated adjudication of an administrative complaint. Id., 503–506. *Zoning Board of Appeals* is, however, distinguishable for two reasons. First, it was premised on a concession of non-compliance with statutory mandates, while this case comes to us with a finding by the compensation review division that the state was in "substantial compliance" with the requirements of § 31-301. On the current record, we cannot conclude that there was an absence of substantial evidence to support that finding. Second, *Zoning Board of Appeals* construed as mandatory the language of the statute governing the processing of complaints by the freedom of information commission. By contrast, in our recent decision in *Besade* v. *Interstate Security Services,* 212 Conn. 441, 450–51, 562 A.2d 1086 (1989), on a record demonstrating considerable administrative delay, we held that the statute governing workers' compensation claims does not automatically render a belated award invalid, or require a rehearing, absent a showing of prejudice. The claimant in this case has neither alleged nor made a showing of prejudice. We conclude, accordingly, that the compensation review division had jurisdiction to entertain the state's appeal.

## II

In her substantive argument, the claimant asserts that the compensation review division should have allowed her to receive concurrent employment benefits under § 31-310 to supplement the salary to which she was entitled under § 5-142 (a). Under § 31-310, an ordinary injured state employee who "has worked for more than one employer at the time of injury and [whose] average weekly wage received from the employer in whose employ he was injured . . . [is] insufficient for him to obtain the maximum weekly compensation rate from such employer under section 31-309

prevailing at the time of his injury" may recover benefits "calculated upon the basis of wages earned from all such employers in the period of such concurrent employment . . . ." It is undisputed that the factual predicate for the claimant's contention has been met, i.e., her salary benefit under § 5-142 (a) is less than "the maximum weekly compensation rate from such employer under section 31-309 prevailing at the time of [her] injury." The question before us is, therefore, solely one of statutory construction. Did the legislature, in providing the special benefit of full salary payments for those exposed to the special risks described in § 5-142 (a), intend to preclude the recovery of concurrent employment benefits under § 31-310?

The compensation review division held that "[t]otal incapacity benefits are to be paid in accordance with Sec. 5-142 (a). By requiring payments of 'full salary' for injured state employees, the legislature precluded payment for Sec. 31-310 concurrent employment benefits." In reaching this conclusion, the review division relied in part on its prior holding to a similar effect in *Jones* v. *State*, 986 CRD-2-90-2 (Feb. 4, 1991). The state urges us to uphold the ruling of the division.

In *Jones* v. *Mansfield Training School*, 220 Conn. 721, 601 A.2d 507 (1992), this court has recently held, contrary to the view of the compensation review board, that an injured state employee eligible for enhanced benefits under § 5-142 (a) may elect, alternatively, to receive workers' compensation benefits measured by her actual earnings under General Statutes § 31-307 when this alternate measurement would provide greater financial relief. The facts in *Jones* were closely analogous to those in the present case. In *Jones,* the worker, who was injured in the course of her state employment at the Mansfield Training School, had supplemented her state salary by working overtime. In this case, the claimant, who was injured during the course of her state employment at

the Ella Grasso Regional Center, had supplemented her state salary by working part-time for the city of Waterbury.

In accordance with our holding in *Jones,* the claimant in this case is not relegated to her salary benefits under § 5-142 (a) as an exclusive benefit. She may instead elect an alternate calculation of her benefits, based on her rights as an ordinary state employee to workers' compensation, including her right to recover concurrent employment benefits under § 31-310. As we recognized in *Going* v. *Cromwell Fire District,* 159 Conn. 53, 56, 267 A.2d 428 (1970), benefits under § 31-310 serve the important social purpose of protecting "the concurrent employee such as a wage earner having more than one job who, for instance, might lose his earnings from his principal job because of an injury occurring on another job with a low compensation rate."[4]

---

[4] *Going* v. *Cromwell Fire District,* 159 Conn. 53, 56 n.3, 267 A.2d 428 (1970), reports the legislative history of the statutory predecessor to General Statutes § 31-310. "The House of Representatives member who reported the bill (H.B. 2161, 1967 Sess.) on behalf of the joint committee on labor said . . . 'In today's world, it is not uncommon for employees to hold more than one job. . . . If an employee is injured on the part time job, his average wages on that job are small in relation to his overall weekly earnings and with respect to his regular job. Yet those wages would determine his compensation rate. This can be devastating to a worker because the amount paid would be a pittance. On the other hand, we must recognize that it would be unfair to the part time or second employer to have him pay benefits based upon the overall wages of the employee. We have therefore proposed a compromise under which the part time or second employer pays for all the medical bills as he now does, and the same amount he would pay for the injury, but the employee would be entitled to receive an additional amount from the second injury fund which would be based upon his overall earnings. We have provided that the benefits be payable in relationship to total wages. In this way, the cost of his time of employment [sic] is spread over the entire economy and will not impose an undue burden upon a single employer.' 12 H.R. Proc., Pt. 9, 1967 Sess., pp. 4040–41; see also *Lee* v. *Lee,* 145 Conn. 355, 358, 143 A.2d 154 [1958]."

The state urges us, however, to conclude that our holding in *Going* requires us to deny the claimant's pursuit of a remedy under § 31-310. It is true that, in *Going,* a divided court determined that workers' compensation payments to an injured volunteer firefighter fell outside of the concurrent employment provisions of § 31-310. The majority based its holding on the fact that volunteer firefighters, although entitled to disability benefits under General Statutes § 7-314a, were not "employed" so as to have "earned" wages, as required by § 31-310. *Going* is distinguishable for two reasons. First, the issue there was not the recovery of benefits by the injured worker but the allocation of liability for the worker's benefits between a private insurer and the second injury fund. Second, and more important, in this case it is undisputed that the claimant held two paying jobs and, therefore, qualified for concurrent employment benefits within the express terms of § 31-310.

If we were to adopt the state's view of the relationship between §§ 5-142 (a) and 31-310, a state employee who had the misfortune to be severely injured by a patient during part-time work at a state home for the mentally retarded, despite full-time work for a private employer, would have workers' compensation benefits limited to the amount of his or her part-time state salary. Such a reading of our statutes finds no support in their text, purpose, or legislative history. We are persuaded that the legislature did not intend so draconian a result.

We are, however, equally unpersuaded by the claimant's argument that she may recover benefits under § 31-310 in addition to the salary benefit afforded to her by § 5-142 (a). Although § 5-142 (a) expressly permits state workers injured in the performance of special state duties to supplement their special salary benefits by collecting "specific indemnities" where

appropriate; see General Statutes § 31-308 (b); the statute otherwise precludes recourse to supplemental benefits inconsistent with the salary benefits it provides. In accordance with *Jones,* the claimant may recover *either* her salary benefit under § 5-142 (a) *or* the workers' compensation benefits to which any other state employee would be entitled, including the right to receive concurrent employment benefits under § 31-310. Because these alternatives were not fully explored before the compensation review division, the case must be remanded to the division for the necessary factual determinations.

The judgment is reversed and the case is remanded to the compensation review division for further proceedings in accordance with this opinion.

In this opinion SHEA, CALLAHAN and COVELLO, Js., concurred.

BERDON, J., dissenting. Because I do not believe that the claimant has a right to elect between benefits under General Statutes § 5-142 (a) and the Workers' Compensation Act; *Jones* v. *Mansfield Training School,* 220 Conn. 721, 733, 601 A.2d 507 (1992) (*Berdon, J.,* dissenting); I would affirm the decision of the compensation review division. Accordingly, I respectfully dissent.