ANGELA CONACI *v.* HARTFORD HOSPITAL ET AL.
(12882)

FOTI, LANDAU and HEIMAN, Js.

Argued September 28—decision released December 6, 1994

*John H. Hanks,* with whom, on the brief, was *Stephen P. Bertucio,* for the appellant (plaintiff).

*Robert W. Murphy,* with whom, on the brief, was *James L. Pomeranz,* for the appellees (defendants).

HEIMAN, J. The plaintiff appeals from the decision of the compensation review board of the workers' compensation commission dismissing her appeal to that board. On appeal to this court,[1] the plaintiff claims that the review board improperly determined that her

---

[1] General Statutes § 31-301b provides: "Any party aggrieved by the decision of the compensation review board upon any question or questions of law arising in the proceedings may appeal the decision of the compensation review board to the appellate court."

appeal was jurisdictionally defective because it was not timely filed pursuant to General Statutes § 31-301 (a).[2]

The following facts are relevant to this appeal. The plaintiff was injured on October 22, 1985, in the course of her employment by the defendant Hartford Hospital as a maintenance worker. The plaintiff sought workers' compensation benefits from her employer for her injury. On December 17, 1987, the plaintiff entered into a voluntary agreement with the hospital and its insurer, the defendant Aetna Casualty and Surety. Pursuant to that agreement, the plaintiff was awarded specific compensation in the form of permanent partial disability payments based on a finding of 15 percent disability of her back.

Upon completion of payment of the specific award, the plaintiff requested compensation in the form of temporary total benefits under General Statutes § 31-307,[3] claiming that she was totally incapacitated. On May 17, 1990, the defendants filed a "Form 36" notice of intention to discontinue payments, claiming that the plaintiff was no longer entitled to compensation and denying the plaintiff's claim for temporary total benefits.[4] For-

[2] General Statutes § 31-301 (a) provides in pertinent part: "At any time within ten days after entry of such award by the commissioner, after a decision of the commissioner upon a motion or after an order by the commissioner according to the provisions of section 31-299b, either party may appeal therefrom to the compensation review board . . . ."

[3] General Statutes § 31-307 provides in pertinent part: "(a) If any injury for which compensation is provided under the provisions of this chapter results in total incapacity to work, the injured employee shall be paid a weekly compensation . . . and the compensation shall not continue longer than the period of total incapacity."

[4] General Statutes § 31-296 provides in pertinent part that "[b]efore discontinuing or reducing payment on account of total or partial incapacity under [a voluntary] agreement, the employer, if it is claimed by or on behalf of the injured person that his incapacity still continues, shall notify the commissioner and the employee, by certified mail, of the proposed discontinuance or reduction of such payments, with the date of such proposed

mal hearings were held before the commissioner of the first compensation district on June 11, 1990, November 30, 1990, and April 29, 1991. The commissioner's finding and order, dated July 15, 1991, concluded that the plaintiff was no longer entitled to § 31-307 benefits.

On July 31, 1991, the plaintiff filed an appeal to the compensation review board, claiming, inter alia, that the commissioner had failed to consider the plaintiff's limited education and diligent efforts at finding employment in his determination that she was no longer entitled to benefits. The defendants moved to dismiss the appeal on jurisdictional grounds, claiming that it was filed more than ten days after the entry of the commissioner's decision on July 15, 1991. In its opposition to the defendants' motion to dismiss, the plaintiff claimed that her appeal was timely, in that it was filed within ten days of the date on which notice of the decision was received. The board found that the plaintiff received notice of the commissioner's decision on July 23, 1991.

The compensation review board's ruling of September 14, 1993, dismissed the plaintiff's appeal as untimely. In its decision, the review board determined that the ten day limitation period of General Statutes § 31-301 (a) begins to run from the date of the entry of the decision by the commissioner, as long as notice of the decision is received by the party seeking to appeal within the ten day period. The board further found that the appeal period is extended only if notice of the decision is not received within ten days of the entry of the commissioner's decision.

On appeal to this court, the plaintiff claims that the compensation review board improperly dismissed her appeal to that board as untimely. We agree.

discontinuance or reduction and the reason therefor, and, such discontinuance or reduction shall not become effective unless specifically approved in writing by the commissioner."

" 'In construing a statute, common sense must be used, and the courts will assume that the legislature intended to accomplish a reasonable and rational result . . . . A statute . . . should not be interpreted to thwart its purpose.' (Citations omitted; internal quotation marks omitted.) *Board of Education* v. *State Board of Labor Relations,* [217 Conn. 110, 126–27, 584 A.2d 1172 (1991)]." *Police Dept.* v. *State Board of Labor Relations,* 225 Conn. 297, 303, 622 A.2d 1005 (1993).

It has long been established that the most reasonable interpretation of the limitation provision applicable to appeals to the compensation review board is one that takes into consideration notice to the party aggrieved by the commissioner's decision. *Murphy* v. *Elms Hotel,* 104 Conn. 351, 352, 133 A. 106 (1926). In *Murphy,* our Supreme Court considered the ten day limitation period of General Statutes (1918 Rev.) § 5366, as amended by Public Acts 1919, c. 142, § 14, the predecessor to General Statutes § 31-301. The court concluded that "[u]ndoubtedly the General Assembly intended this provision to mean ten days after *notice* to the party of the entry of such finding . . . ." (Emphasis added.) *Murphy* v. *Elms Hotel,* supra, 352.

As recently as 1992, our Supreme Court stated: "Although [General Statutes § 31-301] specifies that an appeal should be taken 'within ten days after entry' of a commissioner's award, we have interpreted this statutory requirement to include a requirement of notice to the party who might wish to appeal. *Murphy* v. *Elms Hotel,* [supra, 104 Conn. 352]. Fundamental rights to procedural due process mandate such a construction. See *Kron* v. *Thelen,* 178 Conn. 189, 193–97, 423 A.2d 857 (1979)." *Trinkley* v. *Ella Grasso Regional Center,* 220 Conn. 739, 743, 601 A.2d 515 (1992).

" '[T]he right of appeal, if it is to have any value, must necessarily contemplate that the person who is to exer-

cise the right be given the opportunity of knowing that there is a decision to appeal from and of forming an opinion as to whether that decision presents an appealable issue. Until the prospective appellant has either actual or constructive notice that a decision has been reached, the right of appeal is meaningless.' *Hubbard* v. *Planning Commission,* 151 Conn. 269, 271–72, 196 A.2d 760 (1964); *Norwich Land Co.* v. *Public Utilities Commission,* 170 Conn. 1, 8, 363 A.2d 1386 (1975) (*Bogdanski, J.,* dissenting); see *Akin* v. *Norwalk,* 163 Conn. 68, 73, 301 A.2d 258 (1972); *Foran* v. *Zoning Board of Appeals,* 158 Conn. 331, 336, 260 A.2d 609 (1969)." *Kron* v. *Thelen,* supra, 178 Conn. 193. "Fundamental tenets of due process, moreover, require that all persons directly concerned in the result of an adjudication be given reasonable notice and the opportunity to present their claims or defenses." Id.

Our courts have, therefore, interpreted appeal provisions such as General Statutes § 31-301 (a) to require notice to the parties affected by a decision, even when a statute does not specifically provide for such a requirement. See, e.g., *Kron* v. *Thelen,* supra, 178 Conn. 197.

In addition, notice that comports with the constitutional requirements of due process has been deemed to be the date on which notice of the appealable decision is given to the party who might want to appeal. See id., 197 n.3 (holding that appeal period for probate decisions commences on date that Probate Court sends notice); *Hubbard* v. *Planning Commission,* supra, 151 Conn. 269 (holding that appeal period for zoning decisions commences on date of publication of notice of commission's decision). "In order to effectuate the right of appeal, it is necessary that the appeal period commence at the time when the commission gives notice of its decision to persons entitled thereto, not when the decision is obscurely filed with a mass of other docu-

ments at the commission's office." *Norwich Land Co.* v. *Public Utilities Commission,* supra, 170 Conn. 9.

In *Trinkley* v. *Ella Grasso Regional Center,* supra, 220 Conn. 739, the provision at issue in this case was considered. Our Supreme Court implied that the operative date from which the limitation period for appeals to the compensation review board should run is the date that notice is given to the party who might want to appeal. Id., 743. In *Trinkley,* the court declined to hold that the compensation review board lacked jurisdiction to hear the appeal, stating that "[t]o establish that the . . . appeal was untimely . . . [one] cannot rely on the date when the workers' compensation commissioner made his award. The record contains no finding about when notice of this award was given to the [appellant]. In the absence of such a finding, we decline to hold that the compensation review division lacked jurisdiction to hear the . . . appeal." Id.

We follow the direction taken by the Supreme Court in *Trinkley,* and conclude that the proper interpretation of the limitation period contained in General Statutes § 31-301 (a) is that the ten day period begins to run on the day on which the party wanting to appeal is sent meaningful notice of the commissioner's decision. *Trinkley* v. *Ella Grasso Regional Center,* supra 220 Conn. 743; see also *Kron* v. *Thelen,* supra, 178 Conn. 197 n.3; *Hubbard* v. *Planning Commission,* supra, 151 Conn. 272–73.

We decline to adopt the plaintiff's position that the appeal period commences when notice of the appealable decision is received. Such a holding would create undue delay and difficulties in proving receipt by the party wanting to appeal. See *Hubbard* v. *Planning Commission,* supra, 151 Conn. 272. Implementation

and application of our holding relies, rather, on the records of the commission as to when notice is sent.

Nor do we agree with the compensation review board that the ten day appeal period in General Statutes § 31-301 (a) is tolled only if notice to the party wanting to appeal is received later than ten days from the date of the decision. Such a holding would create absurd results. According to the review board, a party receiving notice of a decision nine days after its entry has only one day in which to appeal, while a party receiving notice on the eleventh day has ten days in which to appeal. We find such a rule inconsistent and unreasonable. "Such a bizarre result could not have been intended by the legislature. 'The law favors a rational statutory construction and we presume that the legislature intended a sensible result.' " *State* v. *Jiminez,* 228 Conn. 335, 341, 636 A.2d 782 (1994).

The compensation review board must, therefore, determine the date on which notice of the commissioner's decision was sent to the parties to assess properly whether the plaintiff's appeal was timely. See *Trinkley* v. *Ella Grasso Regional Center,* supra, 220 Conn. 743; see also *Kron* v. *Thelen,* supra, 178 Conn. 197 n.3; *Hubbard* v. *Planning Commission,* supra, 151 Conn. 272–73.

The decision of the compensation review board is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.