[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MARCH 1, 1996
The plaintiffs, Christa and Steven Appletree, instituted the present appeal from the refusal of the Farmington board of tax review to reduce the valuation of the plaintiffs' property on the grand list of October 1, 1994.
The defendants, the Farmington board of tax review, town clerk and assessor, move to dismiss this appeal on the ground that the plaintiffs failed to commence this action by service on the board within the two-month limitation period as set forth in CT Page 2804 General Statutes § 12-117a.[1]
The defendants attached to their memorandum of law in support of their motion to dismiss, affidavits of the assessor and the assessment clerk for the town of Farmington. These two affidavits recite that the board of tax review voted on April 11, 1995, to make no change in the assessment of the plaintiffs' property pursuant to the plaintiffs' appeal to the board. The affidavits further recite that the notice of the board's decision was dated April 24, 1995, and mailed to the property owners on April 25, 1995. The affidavits further recite that the board of tax review was served on June 27, 1995, with the writ, summons, and appeal from the board of tax review's decision, more than two months from the April 24, 1995 notice date and the April 25, 1995 mailing date.
The defendants claim that they measured the two-month period for purposes of taking an appeal from April 25, 1995, rather than from April 11, 1995, the date that the board voted to make no change in the assessment of the plaintiffs' property. The defendants assert that the two-month period should commence, at the latest, on April 25, 1995, the date of the mailing of the notice, because the board did not comply with General Statutes § 12-111,[2] which requires the board to notify property owners of its determination of their appeals within one week after such determination has been made. The defendants argue that the plaintiffs' appeal is untimely even if the two-month period commences on the date of mailing.
The plaintiffs do not contest the facts contained in the affidavits attached to the defendants' memorandum of law. However, the plaintiffs claim that the notice from the board dated April 25, 1995, was not received by them until April 28, 1995. The plaintiffs claim that if the two-month period for appealing ran from April 28, 1995, the date of the receipt of the notice, then the appeal taken on June 27, 1995, was timely.
The statutory scheme for appealing a decision of the municipal assessor begins with § 12-110. Section 12-110
requires the board of tax review in each town to meet at least three times during the month of February for the purpose of hearing appeals from the doings of the assessor. Section 12-111
provides that any property owner aggrieved by the action of the assessors of the town may appeal to the board of tax review, "which shall determine all such appeals and report in writing the CT Page 2805 final determination of such appeals to each such person within one week after such determination has been made." The next step in the appellate process requires a property owner taking an appeal from the action of the board of tax review to file an appeal with the superior court "within two months from the time of such action . . ." pursuant to § 12-117a.
Where the board of tax review complies with the statutory time requirements in § 12-111 and gives notice of its action to the property owner within one week of its decision, § 12-117a
then requires the property owner to take an appeal within two months from the date of the action of the board, not the date on which notice of the appeal has been given pursuant to §12-111. Under these circumstances, the obvious legislative intent was not to give the property owner two full months in which to take an appeal from the action of the board of tax review but rather less than two months, taking into consideration that §12-111 allows the board to give notice within one week after its "action" on the property owner's appeal.
The legislative history behind § 12-111 was reviewed inTrap Falls Realty Holding Limited Partnership v. Board of TaxReview, 29 Conn. App. 97, 612 A.2d 814, cert. denied, 224 Conn. 911,617 A.2d 170 (1992). The concern of the legislature as noted in Trap Falls Realty was that the taxpayer be given sufficient written notice of the board's decision in a timely fashion. Id.,
102-03.
There are two superior court cases dealing with the issue of timely appeals taken from the board of tax review. In MaryCatherine Development Company v. Town of Glastonbury, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. CV94-0537955 (13 CONN. L. RPTR. 461, January 30, 1995), the court was faced with a decision made by the board of tax review on March 9, 1994, with notice given by letter to the property owner dated March 11, 1994, and an appeal taken on May 11, 1994. Determining that the period of time to take an appeal under § 12-117a was two months from the date of the decision and not the date of the notice, the court concluded that the appeal was not timely. In the case of Integrated Systems v. Townof Southbury, Superior Court, judicial district of Waterbury, Docket No. 120368, 13 CONN. L. RPTR. 256 (January 3, 1995), the court was faced with another challenge to an untimely appeal. In the Integrated Systems case the board of tax review's decision was made February 19, 1994, notice to the property owner was CT Page 2806 dated February 28, 1994, and mailed to the property owner on March 1, 1994. The plaintiff in Integrated Systems served its appeal on April 27, 1994. The court in Integrated Systems
measured the two-month period in which to take an appeal from either the February 28, 1994, or the March 1, 1994, and found that the April 27, 1994, date was within two months time from either of those two dates and therefore the appeal was timely taken. The rationale of the court in Integrated Systems was that § 12-111 required the board to give notice within one week of its decision, and where the statutory mandate was not followed, proper notice could only be given commencing with either the date of the notice or the date of the mailing of the notice, not the date of the original decision by the board.
We agree with the court in Integrated Systems that where the board of tax review has not complied with the time mandate in § 12-111 that the appeal period provided for in § 12-117a
cannot begin to run until the notice of the board's decision has been mailed to the taxpayer. In this case the taxpayers received the board's notice of the decision on April 28, 1995. The taxpayers had fifty-eight days in which to decide whether to appeal the decision of the board of tax review. This timeframe is certainly no more restrictive than if the board had complied with § 12-111 and mailed the notice of its decision to the taxpayers within one week of April 11, 1995.
Indeed, this rationale comports with several decisions by the Supreme and Appellate Courts with respect to similar notice provisions contained in statutes governing appeals from local or state agencies. The courts in these cases held that the proper interpretation of similar statutory limitation periods is that the applicable time period begins to run on the day on which the party wanting to appeal is sent meaningful notice of the decision. See, e.g., Hubbard v. Planning Commission, 151 Conn. 272-73,196 A.2d 760 (1963); Conaci v. Hartford Hospital,36 Conn. App. 298, 303. 650 A.2d 613 (1994). As stated in Conaci "We decline to adopt the plaintiffs position that the appeal period commences when notice of the appealable decision is received. Such a holding would create undue delay and difficulties in proving receipt by the party wanting to appeal." Conaci v.Hartford Hospital, supra, 303; see Hubbard v. PlanningCommission, supra, 272.
Accordingly, we conclude that the time from which the two-month period began to run in this case was from the date of the CT Page 2807 mailing of the notice on April 25, 1995. Since the taxpayer's appeal was not served on the defendants until June 27, 1995, the appeal was untimely. The plaintiffs' appeal is, therefore, dismissed
ARONSON, J.