[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The defendant, A B Real Estate, has brought a motion to dismiss a appeal from the actions of a town planning commission claiming the appeal was not filed in a timely manner. In this case, the defendant submitted a subdivision application to the town planning commission. The commission approved the application on July 16, 1996 and caused notice of its decision to be published on Sunday, July 28, 1996 in the "Voices Sunday", a newspaper the defendant claims and the plaintiff does appear to dispute, is a paper having substantial circulation in the Town of Southbury.
The defendant concedes that the Voices Newspaper subsequently CT Page 94-A published another notice of its decision on July 31, 1996 in the "Voices", a weekly paper. An appeal from the decision of the planning commission was filed on August 15, 1996. If the time to take an appeal began to run on July 28th it is untimely, if that period began to run July 31, 1996, the appeal has been filed in a timely manner.
Section 8-28 of the general statutes says:
 Notice of all official actions or decisions of a planning commission, not limited to those relating to the approval or denial of subdivision plans, shall be published in a newspaper having a substantial circulation in the municipality within fifteen days after such action or decision. Any appeal from an action or decision of a planning commission shall be taken pursuant to the provisions of section 8-8.
Section 8-8 of the general statutes in relevant part and referring to Section 8-28 says:
 . . . The appeal shall be commenced by service of process in accordance with subsections (e) CT Page 94-B and (f) of this section within fifteen days from the date that notice of the decision was published as required by the general statutes. .
The defendant has cited The Andrew Ansaldi Co. v. ManchesterPlanning and Zoning Commission, et al 16 Conn. L. Reptr 47 (1988) which relies on 1000 Friends of Oregon v. LCDC 742 P.2d 805 (Or., 1986). The reasoning of these cases and Ansaldi in particular focuses on Section 8-8 and the legal precedent that it carries to the effect that we are dealing with statutory rights of appeal thus statutes allowing such appeals must be strictly complied with. From these premises a night follows day argument ensues. There was publication in a paper having substantial circulation on July 28th, within fifteen days of the commission's decision; an appeal could have been taken from that date; such an appeal was not so taken. The result of all this is really that the court has no jurisdiction over this appeal.
The defendant points to cases which hold that the time within which to take the appeal runs from the date of the publication of the notice not when the aggrieved party receives or becomes aware of the notice, Akin v Norwalk, 163 Conn. 68 (1972); Hubbard v.Planning Commission, 151 Conn. 269 (1963).
The problem with the defendant's position is that it assumes CT Page 94-C the conclusion — notice for the statutory purposes runs from the date the first notice is published within the fifteen day period even though another notice was published within the same period. But this is what has to be decided. There is nothing in the language of § 8-28 which requires this reading. Nor does the reasoning of Hubbard require such a result. At 151 Conn. Page 272, the court said: "On the other hand, a statute such as §8-28 fixing a rather brief time within which an appeal may be taken to the courts is designed not only to afford protection to an aggrieved person but also to secure, in the public interest, a speedy determination of the issues involved. The fifteen day rule also serves to prevent the town agency from reviving the appeal right, long after the initial appeal has run, merely by publishing a second legal notice, Santa Mauro v. Town Planning Zoning Commission of Orange, 3 Conn. L. Reptr 211 (1991) (1991 WL 29887).
But to hold that the appeal period runs from the second notice does not defeat any public interest in "a speedy determination of the issues involved" because that second notice must be published within the fifteen day period from the agency's decision to be an effective date from which the time to take an appeal can run.
Hubbard, it should be remembered, was very concerned with CT Page 94-D giving an interpretation to § 8-28 which recognized the legislative intent "of § 8-28 to afford a right of appeal to a party aggrieved by the action of a planning commission. The right of appeal, if it is to have any value, must necessarily contemplate that the person who is to exercise the right to be given the opportunity of knowing there is a decision to appeal from and of forming an opinion as to whether that decision presents an appealable issue," 151 Conn. Pp. 271-272. Given these goals, it seems to the court at least, that a rigid interpretation should not be given to § 8-28 which would serve to confuse the question of notice for the public who are not trained lawyers but are vitally interested in the matters decided by these town agencies. Certainly, the citizen who feels aggrieved by a decision of the zoning agency should be held to knowing he or she has fifteen days to appeal from the day the notice of the agency decision is published in the paper. He or she should also realize that time is of the essence since the agency had itself to publish the notice within fifteen days of its decision. But what if that member of the public reads the first notice and a few days later a second notice appears within the same fifteen day period? Would he or she fairly think, well I have fifteen days from the second notice to appeal? Why is that not a reasonable conclusion and if there is the slightest danger of of confusion which would be caused by a different result then why interpret the statute in such a way that the fifteen day CT Page 94-E period in such a situation runs from the first notice? By publishing the notice twice the city agency created the problem. They can solve it very simply in the future by publishing one notice or if, perish the thought, they publish more than once within the fifteen day period out of a concern for full and fair notice to as many citizen as possible, then they should just realize that the fifteen day period would run from the date the last publication of the notice appears.
The court agrees with the position taken by Judge Fuller in the Santamauro case and will not dismiss the appeal.[1]
CORRADINO, J.