# HENRY KUDLACZ *v.* LINDBERG HEAT TREATING COMPANY ET AL.

## (AC 17337)

Foti, Landau and Spear, Js.

Argued February 23—officially released June 9, 1998

*Jacek I. Smigelski*, for the appellant (plaintiff).

1

*Richard S. Bartlett,* for the appellees (named defendant et al.).

*Opinion*

FOTI, J. The plaintiff, Henry Kudlacz, appeals from the decision of the compensation review board (board) of the workers' compensation commission dismissing his appeal to that board. The plaintiff appeals to this court pursuant to General Statutes § 31-301b.[1] The plaintiff claims that the board improperly determined that he failed to file a timely appeal pursuant to General Statutes § 31-301 (a).[2]

The following facts are relevant to this appeal. The plaintiff claimed to be injured on May 29, 1992, in the course of his employment as a delivery driver, and on June 4, 1992, in the course of his employment as a package sorter handler.[3] In considering the evidence and testimony presented, the workers' compensation commissioner (commissioner) concluded that the plaintiff was not credible and that he "was not injured at either [employment] as he alleged and, to the extent

---

[1] General Statutes § 31-301b provides: "Any party aggrieved by the decision of the Compensation Review Board upon any question or questions of law arising in the proceedings may appeal the decision of the Compensation Review Board to the Appellate Court."

[2] General Statutes § 31-301 (a) provides: "At any time within ten days after entry of an award by the commissioner, after a decision of the commissioner upon a motion or after an order by the commissioner according to the provisions of section 31-299b, either party may appeal therefrom to the Compensation Review Board by filing in the office of the commissioner from which the award or the decision on a motion originated an appeal petition and five copies thereof. The commissioner within three days thereafter shall mail the petition and three copies thereof to the chief of the Compensation Review Board and a copy thereof to the adverse party or parties."

[3] The plaintiff claims that the first injury was to his head and neck, and the second was to his back. The plaintiff sought benefits from his employers, the defendants Lindberg Heat Treating Company and United Parcel Service, Inc., and their respective insurance carriers, the defendants Crawford and Company and Liberty Mutual Insurance Company.

he may have had a repetitive trauma injury to his back at [the second employment], there was no resulting permanent disability and no compensable period of temporary disability since the [plaintiff] continued to work after the injury . . . ." The commissioner vacated a voluntary agreement issued by the first employer and its insurance carrier based on mutual mistake of fact, and dismissed all claims for compensation and medical treatment presented by the plaintiff.

The plaintiff filed his petition for review of the commissioner's decision on August 21, 1996. The board determined that meaningful notice of the commissioner's decision was sent to the parties on August 8, 1996, and, therefore, the petition should have been filed by Monday, August 19, 1996.[4] The board concluded that it lacked jurisdiction over a petition for review not timely filed and dismissed the plaintiff's appeal.

"Section 31-301 (a) provides that '[a]t any time within ten days after entry of an award by the commissioner . . . either party may appeal therefrom to the Compensation Review Board,' and General Statutes § 31-300 provides that '[i]f no appeal from [the commissioner's] decision is taken by either party within ten days thereafter, such award shall be final and may be enforced in the same manner as a judgment in the superior court.' This court [has] held that the ten day appeal period set forth in § 31-301 (a) 'begins to run on the day on which the party wanting to appeal is sent meaningful notice of the commissioner's decision.' *Conaci* v. *Hartford Hospital*, 36 Conn. App. 298, 303, 650 A.2d 613 (1994). In *Conaci*, the appellants challenged the board's finding that their appeal was jurisdictionally defective because the appellants had allegedly failed to file their appeal with the board within the time prescribed by § 31-301

---

[4] The record discloses that the address for the plaintiff's attorney is a post office box and not a street address.

(a). We remanded *Conaci* for a determination of the date on which notice of the commissioner's decision was sent to the parties and, based on that finding, a proper assessment of whether the appeal was timely." *Freeman* v. *Hull Dye & Print, Inc.*, 39 Conn. App. 717, 720, 667 A.2d 76 (1995). We recently reaffirmed our decision in *Conaci* that the ten day appeal period begins to run on the day that the party wanting to appeal is sent meaningful notice of the commissioner's decision. See *Vega* v. *Waltsco, Inc.*, 46 Conn. App. 298, 301, 699 A.2d 247 (1997); *Cyr* v. *Domino's Pizza*, 45 Conn. App. 199, 203–204 n.5, 695 A.2d 29 (1997).

"Once the board determines that an appeal is untimely it no longer has jurisdiction to address any remaining substantive claim. *Chieppo* v. *Robert E. McMichael, Inc.*, 169 Conn. 646, 648, 363 A.2d 1085 (1975); *Chzrislonk* v. *New York, N. H. & H. R. Co.*, 101 Conn. 356, 358, 125 A. 874 (1924) (action dismissing untimely workers' compensation appeal); *Wheeler* v. *New York, N. H. & H. R. Co.*, 71 Conn. 270, 282, 41 A. 808 (1898) (cited in *Chzrislonk*). In *Chieppo*, the appellant erroneously brought its appeal from a commissioner's award to the Superior Court rather than the Court of Common Pleas resulting in a late filing of the appeal.[5] *Chieppo* v. *Robert E. McMichael, Inc.*, supra, 648. As a result of the error, the Court of Common Pleas dismissed the appeal for lack of jurisdiction. Id. Our Supreme Court affirmed that decision. Id., 654." *Freeman* v. *Hull Dye & Print, Inc.*, supra, 39 Conn. App. 720–21.

We cannot conclude that the board's finding that meaningful notice of the commissioner's decision was

---

[5] General Statutes (Rev. to 1972) § 31-301 provided that parties appeal commissioner's awards to the Court of Common Pleas. Public Acts 1979, No. 79-540, § 3, amended § 31-301 to provide that appeals be taken to the compensation review division and Public Acts 1991, No. 91-339, § 20, amended § 31-301 to its current state, which provides that appeals be taken to the board.

sent to the parties on August 8, 1996, and that the plaintiff's petition for review should have been filed by Monday, August 19, 1996, is clearly erroneous. The plaintiff argues, however, that a distinction should be made between this case, where he might be able to prove that he received notice of the commissioner's decision after the ten day period had expired,[6] and all of the other cases, including those decided by the board,[7] that assume by implication that the party who wants to appeal has actual or constructive notice of the commissioner's decision on the day the notice is mailed. We decline to adopt the position argued by the plaintiff. As we stated in *Conaci*, a holding that the appeal period commences when notice of the appealable decision is received "would create undue delay and difficulties in proving receipt by the party wanting to appeal." *Conaci* v. *Hartford Hospital*, supra, 36 Conn. App. 303. In determining when the appeal period commences, we rely, rather, on the records of the commissioner as to when notice is sent. Id., 304. As we have recently stated, "This court must construe [§ 31-301 (a)] as it finds it without reference to whether we feel that the law might be improved . . . . [We] cannot rewrite a statute to

---

[6] The dissent makes much of the "critical finding" that only the plaintiff failed to "receive" notice within the ten day appeal period. Query: Was the purpose of that "finding" merely to point out that the other parties did receive notice within the appeal period, and that it was only the plaintiff who claimed that he did not receive notice? Is this a "finding" that the plaintiff did not receive notice because it was not delivered during the appeal period, or, rather, that notice was delivered during the appeal period but that the plaintiff did not "receive" it because he neglected to pick up his mail at his post office box? The dissent would have a party defeat the requirements for filing a timely appeal pursuant to § 31-301 (a) by simply neglecting to pick up his mail or refusing to sign for a certified letter.

[7] The board has consistently held that the ten day appeal period begins to run on the day that meaningful notice is sent to the parties, rather than when such notice is received by the parties. See *Schreck* v. *Stamford*, 3322 CRB-7-96-4 (September 23, 1997); *Vega* v. *Waltsco, Inc.*, 15 Conn. Workers' Comp. Rev. Op. 307 (June 21, 1996); *Cyr* v. *Domino's Pizza*, 15 Conn. Workers' Comp. Rev. Op. 151 (January 26, 1996).

accomplish a particular result. That is the function of the legislature." (Citation omitted; internal quotation marks omitted.) *Vega* v. *Waltsco, Inc.*, supra, 46 Conn. App. 304.

The decision of the compensation review board is affirmed.

In this opinion LANDAU, J., concurred.

SPEAR, J., dissenting. I respectfully disagree with the majority's conclusion that dismissal is required here because of our prior holdings with respect to when the ten day appeal period set forth in General Statutes § 31-301[1] begins to run. Basic principles of due process compel a reversal of the board's decision because the board found as a fact that the plaintiff did not receive notice of the commissioner's decision until after the ten day appeal period had expired.[2] The majority makes no mention of this critical finding that distinguishes the present case from those on which the majority relies.

I first address the defendants' assertion that we should not consider the plaintiff's constitutional claim because it was not raised before the board and is not properly briefed before this court.[3] I do not view the failure to raise this claim before the board as a bar to our now addressing this issue. In *Hurtado* v. *Hurtado*, 14 Conn. App. 296, 299–300, 541 A.2d 873 (1988), we held that we may consider unpreserved constitutional claims in a civil case pursuant to the principles of *State* v. *Evans*, 165 Conn. 61, 70, 327 A.2d 576 (1973), and

---

[1] See footnote 2 of the majority opinion.

[2] The board's opinion states: "Only the [plaintiff] failed to receive notice within the ten-day period." The majority, inexplicably, refers to this case as one where the plaintiff "might be able to prove that he received notice of the commissioner's decision after the ten day period had expired . . . ."

[3] The majority fails to address the plaintiff's constitutional claim, and does not say whether it declines to do so for either or both of the reasons advanced by the defendants.

*State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989).[4] Here, the record is adequate for our review, and the fact that the notice that triggered the right to appeal was received beyond the appeal period unquestionably presents a claim of constitutional dimension.

The briefing claim is more problematic. It is true that the plaintiff makes only two very scant references to "due process" in his brief and relies specifically on article first, § 10, of the constitution of Connecticut.[5] Although we may treat inadequately briefed claims as abandoned; *State* v. *Silva*, 43 Conn. App. 488, 494, 684 A.2d 725 (1996), cert. denied, 239 Conn. 956, 688 A.2d 329 (1997); *DiBartolomeo* v. *Hill*, 41 Conn. App. 355, 361, 675 A.2d 1373 (1996); *Cummings* v. *Twin Tool Mfg. Co.*, 40 Conn. App. 36, 45, 668 A.2d 1346 (1996); I have found no cases that *require* us to do so. Because of the severe deprivation of due process that is occasioned by the lack of notice here, I would review this claim despite the inadequate briefing.

The board dismissed the appeal as untimely in reliance on our language in *Conaci* v. *Hartford Hospital*, 36 Conn. App. 298, 650 A.2d 613 (1994). When *Conaci* was before the board, the board opined that the ten day appeal period could be extended only if notice of the decision was received beyond the ten day period.

---

[4] *State* v. *Golding*, supra, 213 Conn. 239–40, provides: "[W]e hold that a defendant can prevail on a claim of constitutional error not preserved at trial only if all of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt."

[5] Article first, § 10, of the constitution of Connecticut provides: "All courts shall be open, and every person, for an injury done to him in his person, property or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial or delay."

When *Conaci* reached us on appeal from the board,[6] we emphatically rejected this statement, stating: "Nor do we agree with the compensation review board that the ten day appeal period in General Statutes § 31-301 (a) is tolled only if notice to the party wanting to appeal is received later than ten days from the date of the decision. Such a holding would create absurd results. According to the review board, a party receiving notice of a decision nine days after its entry has only one day in which to appeal, while a party receiving notice on the eleventh day has ten days in which to appeal. We find such a rule inconsistent and unreasonable. Such a bizarre result could not have been intended by the legislature. The law favors a rational statutory construction and we presume that the legislature intended a sensible result." (Internal quotation marks omitted.) *Conaci* v. *Hartford Hospital*, supra, 304. In *Conaci*, neither the board nor this court was faced with a situation where the board found as a fact that notice of the commissioner's decision was received *after* the ten day appeal period had expired, and none of the cases cited by the majority involves such a finding by the board. The majority's holding is also contrary to the due process reasoning of our decisions regarding the commencement of the statutory four month period for opening judgments.[7] In those cases discussed in the following

---

[6] In *Conaci*, the trial commissioner's decision was entered on July 15, 1991, and the board found that the claimant received notice of the decision on July 23, 1991. The claimant, therefore, necessarily received notice within ten days after it was sent. The issue on remand became whether she appealed within or beyond ten days of the *sending* of notice. *Conaci* v. *Hartford Hospital*, supra, 36 Conn. App. 304.

[7] General Statutes § 52-212a provides in relevant part: "Unless otherwise provided by law . . . a civil judgment . . . may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered . . . . The parties may waive the provisions of this section or otherwise submit to the jurisdiction of the court . . . ." We have held that "[w]hen the motion to open is not timely and the time limitation has not been waived, however, the trial court lacks jurisdiction to open the judgment." *Ziruk* v. *Bedard*, 45 Conn. App. 137, 139, 695 A.2d 4 (1997).

paragraphs, we have held that the receipt of the notice, rather than its sending, triggers the four month period in question.

Our Supreme Court has held that the due process clause of the United States constitution[8] protects a party's right to pursue a tort claim because such a claim rises to the level of a property interest. "A right of action, including one for personal injuries, is a vested property interest, before as well as after judgment." (Internal quotation marks omitted.) *Worsham* v. *Greifenberger*, 242 Conn. 432, 438, 698 A.2d 867 (1997). "Our due process inquiry takes the form of a two part analysis. [W]e must determine whether [the plaintiff] was deprived of a protected interest, and, if so, what process was his due." (Internal quotation marks omitted.) Id. For due process purposes, I discern no reason to treat the workers' compensation claim here differently from a tort claim.

With respect to procedural due process, this court has stated: "When determining what procedures are constitutionally required, we must bear in mind that [t]he essence of due process is the requirement that a person in jeopardy of a serious loss [be given] notice of the case against him and [an] opportunity to meet it. . . . In other words, due process requires notice and proceedings . . . adequate to safeguard the right for which the constitutional protection is invoked." (Citations omitted; internal quotation marks omitted.) *State* v. *Coleman*, 41 Conn. App. 255, 263, 675 A.2d 887 (1996), rev'd on other grounds, 242 Conn. 523, 700 A.2d 14 (1997). In *Kron* v. *Thelen*, 178 Conn. 189, 193, 423 A.2d

---

[8] The fourteenth amendment to the United States constitution provides in relevant part: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty or property, without due process of law . . . ."

857 (1979), our Supreme Court stated that "[f]undamental tenets of due process, moreover, require that all persons directly concerned in the result of an adjudication be given reasonable notice and the *opportunity* to present their claims or defenses. . . . *Dohany* v. *Rogers*, 281 U.S. 362, 369, 50 S. Ct. 299, 74 L. Ed. 904 (1930) . . . ." (Citations omitted; emphasis added.) Moreover, "[t]he guarantee of procedural due process requires that persons whose rights are to be affected have a right to notice and an opportunity to be heard at a meaningful time and in a meaningful manner." *Langan* v. *Weeks*, 37 Conn. App. 105, 118, 655 A.2d 771 (1995).

We have adhered to these due process principles in cases where parties who did not receive timely notice have sought to open judgments that were more than four months old. In *Morelli* v. *Manpower, Inc.*, 34 Conn. App. 419, 642 A.2d 9 (1994), an action was dismissed for the plaintiff's failure to prosecute diligently, pursuant to Practice Book § 251, now Practice Book (1998 Rev.) § 14-3. The action was dismissed on June 28, 1991, but the plaintiff did not file a motion to open the judgment until November 21, 1991. The trial court denied the motion, stating that the court had no jurisdiction because more than four months had elapsed between the date of the judgment and the motion to open. On appeal, we stated that " '[i]t is axiomatic that the right to move to open and vacate a judgment assumes that the party who is to exercise the right be given the opportunity to know that there is a judgment to open. . . .' [A] notation [that the clerk's office has sent notice to all parties of record] raises a presumption that notice was sent and received in the absence of a finding to the contrary. . . . Because the presumption is rebuttable, it follows that the plaintiff is entitled to a hearing to have an opportunity to present such rebuttal evidence." (Citations omitted.) *Morelli* v. *Manpower, Inc.*, supra, 423. In *Habura* v. *Kochanowicz*, 40 Conn. App. 590,

591–92, 672 A.2d 512 (1996), we held that where the defendants received notice of a judgment against them by way of a letter from the plaintiff's counsel that was received six months after the judgment was rendered, the four month period began to run from the date that the defendants received the letter.

More recently, in *Handy* v. *Minwax Co.*, 46 Conn. App. 54, 56–59, 698 A.2d 339, cert. denied, 243 Conn. 921, 701 A.2d 342 (1997), we held that where the plaintiff did not have actual or constructive notice of the judgment dismissing his action until he received a letter from the defendant's counsel almost fourteen months after the date of the judgment, the four month time period was triggered by the plaintiff's receipt of the letter. The motion to open the judgment, filed one week after receipt of the letter, was timely, and the court, therefore, had jurisdiction to open the judgment.

I see no reason to treat this workers' compensation case differently from the judgment cases. Although the four month statute does not present precisely the same jurisdictional bar as does § 31-301,[9] in each instance the jurisdiction of the tribunal is constrained by a statutory time limit. The *Conaci* decision envisions an "absurd" result where a party who receives notice on the ninth day after the notice was sent would have only one day to appeal, whereas a party who receives notice on the eleventh day would have ten days to appeal. *Conaci* v. *Hartford Hospital*, supra, 36 Conn. App. 304. When we apply that reasoning to the judgment cases, the same "absurd" result could occur. A party who receives notice of the judgment one day before the four month period expires would have only one day to file a motion to open the judgment, whereas a person who receives

---

[9] We note that § 31-301 implicates subject matter jurisdiction; *Hall* v. *Gilbert & Bennett Mfg. Co.*, 241 Conn. 282, 283, 695 A.2d 1051 (1997); whereas General Statutes § 52-212a, by its own terms, does not. *In re Baby Girl B.*, 224 Conn. 263, 288, 618 A.2d 1 (1992).

notice one day after the time period expired would have four months from that date to file such a motion.

In the judgment cases, we were not concerned with the reductio ad absurdum that was feared by the *Conaci* court. Speculation about such possibilities would not be useful in assessing whether a party's due process rights to notice and an opportunity to be heard have been violated. There is no logic to the notion that the plaintiff, who received *no* notice during the ten day period, should lose his right to appeal because of the possibility that a case may arise in the future where notice is received so late in the ten day period that the time to appeal is severely compressed. Such a case can be addressed if and when it arises.

Finally, the majority correctly states that we must construe § 31-301 as we find it without regard to whether the law might be improved. The construction that I advocate does not change § 31-301 in any way. It simply requires that the applicable time period be construed in a manner that is consistent with constitutional due process. "It is a fundamental rule that, if its language permits, a statute will be construed so as to render it constitutionally valid." *Grega* v. *Warden*, 178 Conn. 207, 210, 423 A.2d 873 (1979). Our Supreme Court, in reliance on *Grega*, later stated that "[a] court is justified in holding that a statute was intended to be subject to constitutional requirements, and that those requirements are to be considered as embodied in the statute, if its terms do not exclude such requirements." (Internal quotation marks omitted.) *Bridgeport Bowl-O-Rama, Inc.* v. *Zoning Board of Appeals*, 195 Conn. 276, 283, 487 A.2d 559 (1985). I see nothing in § 31-301 that would preclude us from construing it so that the plaintiff, who acted promptly after receiving notice, is not barred from pursuing his appeal. I conclude that the appeal was timely filed.

Because of the violation of the plaintiff's basic due process rights to notice and an opportunity to be heard, I would reverse the decision and remand the case to the board for a determination of the merits of the appeal.

