KENNETH RANSOME *v.* STATE OF CONNECTICUT, JUDICIAL BRANCH, ET AL.
(AC 33924)

DiPentima, C. J., and Alvord and Peters, Js.

Argued March 8—officially released July 23, 2013

*Thomas E. Farver*, for the appellant (plaintiff).

*Kenneth H. Kennedy, Jr.*, assistant attorney general, with whom, on the brief, were *George Jepsen*, attorney general, and *Philip M. Schulz*, assistant attorney general, for the appellee (named defendant).

*Opinion*

PETERS, J. Pursuant to General Statutes § 5-142 (a),[1] a judicial branch employee who becomes totally incapacitated as a result of an injury received in the performance of police or guard duties is entitled to receive 260 weeks of full salary benefits. The principal issue in this case is whether this statute authorizes the workers' compensation commissioner (commissioner) to order the reinstatement of an employee who, after having partially recovered from a workplace injury, was separated from state service pursuant to General Statutes § 5-244[2] because of the absence of suitable alternate state employment for him. The commissioner and, on appeal, the workers' compensation review board

[1] General Statutes § 5-142 (a) provides in relevant part: "If any . . . Judicial Department employee sustains any injury (1) while making an arrest or in the actual performance of such police duties or guard duties . . . or as a result of being assaulted in the performance of such person's duty . . . and (2) that is a direct result of the special hazards inherent in such duties, the state shall pay all necessary medical and hospital expenses resulting from such injury. If total incapacity results from such injury, such person shall be removed from the active payroll the first day of incapacity, exclusive of the day of injury, and placed on an inactive payroll. Such person shall continue to receive the full salary that such person was receiving at the time of injury subject to all salary benefits of active employees, including annual increments, and all salary adjustments, including salary deductions, required in the case of active employees, for a period of two hundred sixty weeks from the date of the beginning of such incapacity . . . ."

[2] General Statutes § 5-244 provides: "When an employee has become physically or mentally incapable of, or unfit for, the efficient performance of the duties of his position, by reason of infirmities due to advanced age or other disability, the appointing authority shall recommend to the Commissioner of Administrative Services that the employee be transferred to less arduous duties or separated from state service in good standing."

(board), held that once an employee is no longer totally disabled, he is no longer entitled to the special benefits provided by § 5-142 (a) and is not, therefore, entitled to automatic reinstatement in his former position. We agree.

On July 21, 2005, the plaintiff, Kenneth Ransome, filed a notice of a claim with the commissioner seeking compensation benefits pursuant to § 5-142 (a) for injuries that he had sustained as a judicial marshal while transporting a state prisoner. The dispositive issue before the commissioner was whether, by implication, the financial safety net that § 5-142 (a) affords to a high risk employee who has become totally disabled in the course of his employment precludes the defendant, the state of Connecticut, judicial branch,[3] from terminating his employment once he has partially recovered from his serious injuries. The commissioner and, on appeal, the board, denied the plaintiff's claim. We affirm the decision of the board.

The relevant facts as found by the commissioner are undisputed. On June 10, 2005, in the course of his employment with the defendant as a judicial marshal, the plaintiff suffered severe injuries to both of his knees as a result of an assault by a prisoner. Although the plaintiff initially was totally disabled, on January 8, 2008, after corrective surgery, he was reclassified as having a temporary partial disability because he had a sedentary work capacity. On March 31, 2008, while the plaintiff was so classified, he was separated from state service in good standing pursuant to § 5-244 as a result of an administrative finding that, at that time, there were no employment opportunities with the defendant for anyone with his disability. Although on February

---

[3] GAB Robins North America, Inc., the workers' compensation administrator for the state of Connecticut, judicial branch (state), at the time of the plaintiff's claim, also is a defendant but did not participate in this appeal. In the interest of simplicity, we refer in this opinion to the state as the defendant.

10, 2009, after further surgery, the plaintiff's physician released him to full duty without restrictions, the defendant refused to reinstate him to his previous position.[4]

In the present appeal, the plaintiff does not challenge the propriety of the factual determination that, in light of his partial disability at the time, there was no open position with the defendant that he was eligible to fill in 2008.[5] Furthermore, he implicitly acknowledges that, under such circumstances, § 5-244 ordinarily authorizes a separation from state service in good standing. Rather, the plaintiff claims that § 5-142 (a) unconditionally requires his reinstatement to his former position once he became physically able again to undertake such responsibilities and that, because his injuries initially caused him to be totally disabled, the statute provided him job security by entitling him to be placed on a special payroll guaranteeing the payment of his full salary for a period of five years. The plaintiff further maintains that the board improperly affirmed the commissioner's determination that she lacked the statutory authority to reinstate him to his former position.

I

We first turn to the merits of the plaintiff's claim that he was entitled to benefits pursuant to § 5-142 (a).

[4] At the hearings before the commissioner, the defendant noted that the plaintiff had failed to pursue a claim of discrimination pursuant to General Statutes § 31-290a and had failed to file a grievance with his union, the International Brotherhood of Police Officers, Local 731, to contest his discharge. It is not clear, from the record before us, whether the plaintiff filed any other claim for employment benefits. In *Trinkley* v. *Ella Grasso Regional Center*, 220 Conn. 739, 745–47, 601 A.2d 515 (1992), our Supreme Court held that eligibility for benefits under § 5-142 (a) does not automatically bar recovery for concurrent employment benefits under other provisions of the General Statutes.

[5] The plaintiff questions the propriety of apparently duplicative notices of his separation from state service, and the apparent absence of notice to the defendant, but cites no authority to support his implication that these alleged defects demonstrated that the defendant improperly invoked its statutory right to terminate his employment.

Concededly, § 5-142 (a) entitled the plaintiff to receive disability compensation as long as he was totally disabled. In his view, however, once that entitlement to benefits vested, that statute also gave him job security by automatically placing him on the statutory special payroll for disabled employees.

It is well established that, when construing a statute, "[o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. . . . The test to determine ambiguity is whether the statute, when read in context, is susceptible to more than one reasonable interpretation. . . . When a statute is not plain and unambiguous, we also look for interpretive guidance to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter . . . ." (Internal quotation marks omitted.) *McCoy* v. *Commissioner of Public Safety*, 300 Conn. 144, 150–51, 12 A.3d 948 (2011).

In deciding whether, under the circumstances of this case, § 5-142 (a) entitled the plaintiff to recover his salary for the entire 260 week benefit period that the statute provides for total disability payments, both the commissioner and, on appeal, the board, focused on

the language that manifests the legislature's intent to provide a special benefit for a person who is accidentally totally disabled in his course of hazardous employment. Neither the commissioner nor the board was persuaded by the plaintiff's proffered construction of the governing statutes. We are likewise unpersuaded.

The disputed relationship between §§ 5-244 and 5-142 (a) must be decided according to the principles of statutory construction codified in § 1-2z. Although the plaintiff is entitled to plenary review of his argument for the primacy of § 5-142 (a); see *Cogan* v. *Chase Manhattan Auto Financial Corp.*, 276 Conn. 1, 7, 882 A.2d 597 (2005); we are not persuaded that his argument has merit.

The plaintiff focuses on the part of § 5-142 (a) that provides that "[i]f total incapacity results from such injury, such person shall be removed from the active payroll the first day of incapacity, exclusive of the day of injury, and placed on an inactive payroll. Such person shall continue to receive the full salary that such person was receiving at the time of injury subject to all salary benefits of active employees, including annual increments, and all salary adjustments, including salary deductions, required in the case of active employees, for a period of two hundred sixty weeks from the date of the beginning of such incapacity. . . ." He maintains that the statutory mandate of "place[ment] on an inactive payroll" implies that, for five years, once placed on such a payroll, the employment of the injured employee never can be terminated for any reason. We agree with the board that the plaintiff's reading of the statute is unpersuasive.

As the board noted, the focus of § 5-142 (a) is the protection of state employees who, as a result of their state service, are totally incapacitated for a significant

period of time. Nothing in the text of § 5-142 (a) manifests any legislative intention comprehensively to address all aspects of the conflicting interests of injured employees and their state employers when the employees cease being totally incapacitated. It is, for example, highly unlikely that the legislature contemplated that this extraordinary benefit should automatically be available to an employee who, in the course of his state employment, suffered a concussion, resulting in brief hospitalization, from which he fully recovered in five days. Affording § 5-142 (a) benefits to such an employee would be an unreasonable or bizarre result, which we do not believe the legislature would have intended. See *Southern New England Telephone Co.* v. *Cashman*, 283 Conn. 644, 653, 931 A.2d 142 (2007). Although in this case, the plaintiff's injuries initially were very serious, he has no present claim of continued total incapacity to work and therefore, in our view, may not avail himself of the benefits provided by § 5-142 (a).

## II

We next address the plaintiff's argument that the commissioner improperly concluded that she lacked the authority to reinstate the plaintiff to his former position. After being injured in his course of employment, the plaintiff was initially totally disabled, but, after surgery, he was reclassified as having a temporary partial disability with a sedentary work capacity. Although he would eventually be released to full duty and may have been able to perform the duties of his former position, he was separated from state service during the period when he had a partial disability pursuant to § 5-244, as the defendant had no employment opportunities available at that time for someone with his disability. The plaintiff argues that although there is no language in § 5-142 (a) that grants the commissioner power to reinstate an injured worker to his job, the

commissioner had the statutory authority to do so pursuant to General Statutes § 31-290a.[6] The commissioner concluded that she lacked such authority, although she did have jurisdiction to restore a claimant to inactive payroll status during a period of total disability during the statutory 260 week period. The board agreed, concluding that the text of § 31-290a, which penalizes retaliatory firings, "constitutes the exclusive remedy available to [the commissioner] to force an employer to reinstate an employee."

In reviewing the commissioner's decision, we note that because a determination regarding an agency's subject matter jurisdiction is a question of law, our review is plenary. See *Rweyemamu* v. *Commission on Human Rights & Opportunities*, 98 Conn. App. 646, 650, 911 A.2d 319 (2006), cert. denied, 281 Conn. 911, 916 A.2d 51, cert. denied, 552 U.S. 886, 128 S. Ct. 206, 169 L. Ed. 2d 144 (2007). The workers' compensation commission

---

[6] General Statutes § 31-290a provides in relevant part: "(a) No employer who is subject to the provisions of this chapter shall discharge, or cause to be discharged, or in any manner discriminate against any employee because the employee has filed a claim for workers' compensation benefits or otherwise exercised the rights afforded to him pursuant to the provisions of this chapter.

"(b) Any employee who is so discharged or discriminated against may either: (1) Bring a civil action in the superior court for the judicial district where the employer has its principal office for the reinstatement of his previous job, payment of back wages and reestablishment of employee benefits to which he would have otherwise been entitled if he had not been discriminated against or discharged and any other damages caused by such discrimination or discharge . . . or (2) file a complaint with the chairman of the Workers' Compensation Commission alleging violation of the provisions of subsection (a) of this section. Upon receipt of any such complaint, the chairman shall select a commissioner to hear the complaint, provided any commissioner who has previously rendered any decision concerning the claim shall be excluded. . . . The commissioner may award the employee the reinstatement of his previous job, payment of back wages and reestablishment of employee benefits to which he otherwise would have been eligible if he had not been discriminated against or discharged. . . . Any party aggrieved by the decision of the commissioner may appeal the decision to the Appellate Court."

"must act strictly within its statutory authority . . . . It cannot modify, abridge, or otherwise change the statutory provisions under which it acquires authority unless the statutes expressly grant it that power. . . . A commissioner may exercise jurisdiction to hear a claim only under the precise circumstances and in the manner particularly prescribed by the enabling legislation." (Citation omitted; internal quotation marks omitted.) *Discuillo* v. *Stone & Webster*, 242 Conn. 570, 576, 698 A.2d 873 (1997). Because the present case does not present a factual situation alleging retaliation that would make § 31-290a applicable, the commissioner, accordingly, had no statutory authority to reinstate the plaintiff to his former position.[7]

We agree with the board that had the legislature intended such a remedy to be included in § 5-142 (a), it would have specifically authorized it. Even if the plaintiff could avail himself of the benefits provided by § 5-142 (a), the board properly affirmed the commissioner's conclusion on the alternate ground that she lacked jurisdiction to order the plaintiff's reinstatement.

The decision of the workers' compensation review board is affirmed.

In this opinion the other judges concurred.

---

[7] We note that although the commissioner did not have the authority to reinstate the plaintiff under § 5-142 (a), the plaintiff may have had a valid grievance that could have been addressed through other remedies that he chose not to pursue. See footnote 4 of this opinion.